IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-20108-STA |
| | ) | |
| **CHRISTOPHER YANCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**
_____

Before the Court are Defendant Christopher Yancy's *pro se* Letters requesting relief from his sentence under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and challenging the calculation of his sentence. (ECF Nos. 90, 93.) The Court will construe these Letters as Motions, and each Motion is **DENIED**.

On April 26, 2011, Defendant was indicted for being a felon in possession of a firearm, carjacking, and using a firearm during the carjacking, in violation of 18 U.S.C. § 922(g), 2119, and 924(c), respectively. On July 2, 2012, Defendant pled guilty to all Counts of the Indictment. (ECF No. 69.) He was then sentenced to 156 months of incarceration, followed by 3 years of supervised release. (ECF No. 76.) The Sixth Circuit Court of Appeals affirmed the sentence. (ECF No. 85.)

*Rehaif* held that, in an 18 U.S.C. § 922(g) prosecution, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Yancy was convicted before *Rehaif* was decided but now implores whether his sentence should be reduced. Defendant

presents no argument as to how this holding applies to his sentence. Yancy's judgment is now final, and he has not filed a motion to vacate it under 28 U.S.C. § 2255. Thus, he has not shown why the Court needs to take further action.

Further, Defendant is required to exhaust his administrative remedies through the BOP before he may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. § 542.10B542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.C. § 2241. *United States v. Wilson,* 503 U.S. 329, 333 (1992). Defendant alleges that 18 months of pretrial detention were not credited to his sentence but has not shown that he has pursued his administrative remedies with the BOP as required. Even if Defendant had exhausted his administrative remedies, Defendant has not pursued judicial review in the form of a petition for habeas corpus relief under 28 U.S.C. § 2241.

Therefore, Defendant's Motions are **DENIED** without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241 once he has exhausted his administrative remedies. The Clerk is directed to mail Defendant a copy of the official form for petitions under 28 U.S.C. § 2255 and 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 30, 2020.